# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DWAINE TAYLOR,

                                            Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTION ("DOC")
SUPERVISING WARDEN ARTHUR OLIVARI; CHIEF
OF DEPARTMENT LARRY W. DAVIS, SR.; CHIEF OF
DEPARTMENT MICHAEL HOURIHANE; WARDEN
WILLIAM CLEMONS; DEPUTY WARDEN TURHAM
GUMUSDERE; ASSISTANT DEPUTY WARDEN
EXECUTIVE OFFICER AT BXDC JACQUELINE
BRANTLEY and CORRECTION OFFICER JOHN DOES
#1-#7,

                                            Defendants.

------------------------------------------------------------------------- x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S REQUESTS
FOR ADMISSION**

12 CV 5881 (RPP)

        Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, defendants City of New York, Supervising Warden Arthur Olivari, Chief of Department Larry W. Davis, Sr., Chief of Department Michael Hourihane, Warden William Clemons, Deputy Warden Turham Gumusdere, and Deputy Warden Jacqueline Brantley respond and object to Plaintiff's Requests for Admission as follows:

## GENERAL STATEMENT

        1.      By responding to any request, defendants do not concede the materiality of the subject to which they refer. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of

the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object to the Requests for Admissions to the extent that they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendants object to the extent that any Admission Request requires them to state the basis for a denial insofar as it is beyond the obligations imposed upon them under Federal Rule of Civil Procedure 36.

5. Defendants object to the extent that any Admission Request contains vague and ambiguous wording that does not allow them to fairly admit or deny.

6. Defendants object to the extent that any Admission Request contains half of a fact or half-truths which require them to qualify their responses.

7. Defendants objects to the extent that any Admission Request requires them to respond to a matter that is outside the scope of permissible discovery under Federal Rules of Civil Procedure 26(b).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

### ADMISSION REQUEST NO. 1:

Admit that the B-4 Video was available to be viewed until at least July 23, 2011.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 1:

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants deny.

### ADMISSION REQUEST NO. 2:

Admit that the B-4 Video was not available to be viewed after July 23, 2011.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 2:

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants admit.

### ADMISSION REQUEST NO. 3:

Admit that the B-4 Video was available to be viewed until at least August 22, 2011.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 3:

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants deny.

**ADMISSION REQUEST NO. 4:**

Admit that the B-4 Video was not available to be viewed after August 22, 2011.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4:**

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants admit.

**ADMISSION REQUEST NO. 5:**

Admit that the B-4 Video was destroyed no earlier than 60 days after it was created.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5:**

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants deny.

**ADMISSION REQUEST NO. 6:**

Admit that the B-4 Video was destroyed no earlier than 90 days after it was created.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6:**

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants deny.

**ADMISSION REQUEST NO. 7:**

Admit that Video Surveillance of BXDC is destroyed on the 60th day after its creation.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:**

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants deny.

**ADMISSION REQUEST NO. 8:**

Admit that Video Surveillance of BXDC is destroyed on the 61st day after its creation.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:**

Defendants object to Request No. 1 on the grounds that it contains "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants deny.

Dated:   New York, New York
         May 17, 2013

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                     City of New York
                    Attorney for Defendants
                    100 Church Street
                    New York, New York 10007
                    (212) 356-2328

              By:   _____
                    Diep Nguyen
                    Assistant Corporation Counsel